UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

          - against -

ALBERTO NIEVES,

                Defendant.

14 Crim. 275

**OPINION**

      This is a prosecution for allegedly sending a threatening letter to a police officer.  Defendant moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).  Defendant also moves for an order directing disclosure of evidence that the government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b), and an order directing disclosure of *Brady* evidence.

**The Indictment**

      On February 14, 2014, the government indicted Alberto Nieves under 18 U.S.C. § 876(c), alleging that he sent a threatening letter to a member of the New York City Police Department ("NYPD").  The indictment contains the following language:

> "From at least in or about July 2013 until at least in or about August 2013, in the Southern District of New York and elsewhere, ALEBERTO NIEVES, the defendant, knowingly and willfully did deposit in an authorized depository for mail to be sent and delivered by the Postal Service a communication containing a threat to kidnap or to injure a person, to wit, NIEVES sent a letter dated July 1, 2013 to a person at the New York City Police Department containing a threat to injure such person." Ind. ¶ 1.

At the time of the alleged crime, defendant was incarcerated at the Otisville Correctional Facility in Otisville, New York.

The indictment alleges that a letter from the Otisville facility arrived at a Bronx NYPD office around July 22, 2013.   The letter was signed with defendant's nickname and addressed to a particular New York City police officer.  The indictment cites extensive language from the letter, including the following:

> "I'm gonna Tell you this straight the Fuck up, God Forbid anything happens to any of my Family members, because of the lies your trying to spread, its gonna cost me my life, but I'm gonna make sure you pay heavily.  You should already know that I don't give a Fuck about you being a cop.  You're the typical coward pig who hides behind a badge and a puny vest.  Yes puny." Ind. ¶ 4(d)(ii).

> "Your Beef with me, leave it with me, and leave my Family out of it. See you soon." Ind. ¶ 4(d)(v).

The indictment also alleges defendant sent hostile letters to a different police officer in 2006 and 2007.  But the charges here rest on the letter quoted above, sent in 2013.

## Discussion

*Motion to Dismiss*

Defendant, relying on Federal Rule of Criminal Procedure 12(b)(3)(B), moves to dismiss the indictment on the grounds that it fails to state the elements of the charged offense, and fails to allege a factual predicate constituting the offense.

An indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1). An indictment satisfies this requirement if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States*, 94 S.Ct. 2887, 2907 (1974).  In this Circuit, an indictment need do little more than track the language of the statute and state the approximate time and place of the alleged crime.  *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992).

Here, the language of the indictment tracks the statute and notifies defendant of all pertinent elements of the crime.  The relevant portion of 18 U.S.C. § 876(c) reads as follows:

> "Whoever knowingly so deposits or causes to be delivered [by post] any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both."

3

Contrary to defendant's argument, the indictment clearly alleges the elements of the crime. Defendant cannot, and indeed does not, claim confusion as to the charged offense.

Defendant also argues the government has an insufficient theory of liability because the alleged conduct does not constitute the charged crime. Specifically, defendant argues that the written communication in his letter was not a threat. But that is a question for trial. This Circuit has specifically found that whether a communication constitutes a threat is a question of fact to be decided by a jury. *United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994). The court need not, and should not, analyze the contents of the letter for purposes of dismissing the indictment.

Brady *Disclosure*

Defendant moves for an order directing the government to disclose evidence favorable to defendant's case. *See Brady v. Maryland*, 83 S.Ct. 1194 (1963).

The government acknowledges its duty to disclose such evidence upon request, and avows that it currently has none. Such an order would therefore be superfluous.

4

*Rule 404(b) Disclosure*

Defendant moves for an order directing the government to disclose any evidence of uncharged acts it will introduce against defendant pursuant to Federal Rule of Evidence 404(b).

Under Rule 404(b)(2), the government must, upon defendant's request, provide reasonable pre-trial notice of evidence of uncharged acts it intends to offer at trial. Indeed, the government has already provided some such evidence to defendant, including documentation of defendant's criminal history, and two letters he wrote to New York City police officers in 2006 and 2007. If the government has more such evidence, it will undoubtedly be disclosed.

## Conclusion

The court denies defendant's motion to dismiss. The other applications are denied as unnecessary. This resolves the motion listed as document 13 in this case, 14-cr-275.

SO ORDERED.

Dated: New York, New York
       October 10, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/10/14

5